# In the United States Court of Federal Claims

Nos. 20-1300 & 20-1318 (consolidated)

(Filed Under Seal: November 6, 2020)
(Reissued: November 13, 2020)

| | | |
|---|---|---|
| **HARMONIA HOLDINGS GROUP, LLC,** | ) ) ) | Application for a temporary restraining order; motions for a preliminary injunction; equitable factors; RCFC 65(a)(2); deferral |
| Plaintiff, | ) ) | |
| and | ) ) | |
| **SNAP, INC.,** | ) ) | |
| Consolidated Plaintiff, | ) ) | |
| v. | ) ) | |
| **UNITED STATES,** | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| **KARSUN SOLUTIONS, LLC,** | ) ) | |
| Defendant-Intervenor. | ) | |

Jon D. Levin, Maynard, Cooper & Gale, P.C., Huntsville, Alabama for plaintiff Harmonia Holdings Group, LLC.  With him on briefs were W. Brad English, Emily J. Chancey, and Michael W. Rich, Maynard, Cooper & Gale, P.C., Huntsville, Alabama.

Alexander J. Brittin, Brittin Law Group, PLLC, McLean, Virginia for plaintiff Snap, Inc.  With him on briefs was Mary Pat Buckenmeyer, Dunlap Bennett & Ludwig PLLC, Vienna, Virginia.

Ioana Cristei, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. for the United States.  With her on briefs were Jeffrey Bossert Clark, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Douglas K. Mickle, Assistant Director, Civil Division, United States Department of Justice,

Washington, D.C., and Charles G. McCarthy, Assistant Regional Counsel, United States General Services Administration, San Francisco, California.

Rebecca E. Pearson, Venable LLP, Washington, D.C. for defendant-intervenor Karsun Solutions, LLC. With her on briefs were J. Scott Hommer, III, Venable LLP, Tysons, Virginia, and Christopher G. Griesedieck, Krista A. Nunez, and Taylor A. Hillman, Venable LLP, Washington, D.C.

## ORDER AND OPINION[1]

Pending before the court in this pair of consolidated bid protests are plaintiff Snap, Inc.'s ("Snap") application for a temporary restraining order and motion for preliminary injunction and plaintiff Harmonia Holdings Group, LLC's ("Harmonia") motion for preliminary injunction. Because the court finds that the "extraordinary and drastic remedy" of a temporary restraining order is inappropriate here, Snap's application is DENIED. Pursuant to Rule 65(a)(2) of the Rules of the Court of Federal Claims ("RCFC"), the court will defer to the merits a ruling on plaintiffs' motions for a preliminary injunction.

## BACKGROUND

Plaintiffs protest the General Services Administration's ("GSA" or "agency") award of a contract for the Dashboard Rationalization Project, solicitation number 47QFPA20Q0008 ("call order 2"), to Karsun Solutions, LLC ("Karsun"). *See* Harmonia's Compl., ECF No. 1; Snap's Compl. in No. 20-1318, ECF No. 1. At the outset of the procurement, GSA awarded six companies, including Snap, Harmonia, and Karsun, the Enterprise Data Information Management Blanket Purchase Agreement. Def.'s Opp'n to Snap's Appl. for a TRO and Pls.' Mots. For a Prelim. Inj. ("Def.'s Opp'n.") at 5, ECF No. 38. The solicitation for call order 2 was issued pursuant to the Blanket Purchase Agreement. *Id*. Call order 2 sought to "modernize and innovate the Federal IT Dashboard . . . and the Digital Dashboard." Snap's Mem. In Supp. of Appl. for a TRO and Mot. for a Prelim. Inj. ("Snap's Mem.") at 4, ECF No. 28-1. The projected work consisted of "a 12-month base period and four 12-month option periods." Harmonia's Renewed Mot. for a Prelim. Inj. ("Harmonia's Mot.") at 2, ECF No. 31. All six awardees of the Blanket Purchasers Agreement submitted offers, AR 40-1060,[2] and the agency awarded Karsun the contract, AR 41-1077.

Harmonia filed its complaint in this court challenging the award on October 1, 2020, and concurrently moved for a preliminary injunction. *See* ECF Nos. 1, 3. After Karsun moved to intervene, *see* ECF No. 13, Harmonia, Karsun, and the government agreed to a voluntary partial

---

[1] Because of the protective order entered in this case, this opinion was initially filed under seal. The parties were requested to review the decision and provide any proposed redactions of confidential or proprietary information. The resulting redactions are shown by asterisks enclosed by brackets, *e.g.*, "[***]."

[2] The government filed the administrative record on October 22, 2020. *See* ECF No. 41. The administrative record will be cited by tab and page number as "AR __-__."

stay.  *See* Joint Status Report, ECF No. 17.  The partial stay was intended to allow Karsun to perform essential elements of the contract prior to a decision on the merits of the protest, such that GSA might meet congressionally established deadlines.  *See id.*; Def.'s Opp'n Ex. 1 ¶¶ 13-15, ECF 38-1.[3]  The government represents that this partial stay limits work to essential tasks, up to 25 percent of the contract.  Def.'s Opp'n Ex. 1 ¶ 18.  Following the agreement on a partial stay, the court adopted a briefing schedule and set a date for a hearing on the merits.  *See* Order of October 5, 2020, ECF No. 21.  On October 5, 2020, Snap filed its complaint in No. 20-1318, and the court subsequently consolidated the cases.  *See* Order of October 6, 2020, ECF No. 27.  Snap did not consent to the partial stay and filed an application for a temporary restraining order and motion for preliminary injunction.  *See* Snap's Appl. for a TRO and Mot. for a Prelim. Inj., ECF No. 28.  Harmonia then also renewed its motion for preliminary injunction.  *See* Harmonia's Mot.  After expedited briefing, the court held an evidentiary hearing on October 22, 2020, and the application and motions are now ready for disposition.

## ANALYSIS

### A.  *Snap's Application for Temporary Restraining Order*

A temporary restraining order is an "'extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'"  *GEO Grp., Inc. v. United States*, 100 Fed. Cl. 223, 226 (2011) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)) (additional citations omitted).  To obtain this "extraordinary and drastic remedy," the movant must show that (1) it "is likely to succeed on the merits at trial;" (2) "that it will suffer irreparable harm if preliminary relief is not granted;" (3) "that the balance of the hardships tips in the movant's favor;" and (4) "that a preliminary injunction will not be contrary to the public interest."  *FMC Corp. v. United States*, 3 F.3d 424, 427 (Fed. Cir. 1993); *see also Safeguard Base Operations, LLC v. United States*, 140 Fed. Cl. 670, 686 (2018) (citing *Trebro Mfg., Inc. v. Firefly Equip., LLC*, 748 F.3d 1159, 1165 (Fed. Cir. 2014)); *Lockheed Martin Corp. v. United States*, 124 Fed. Cl. 709, 721 (2016).  Although Snap argues that it meets all requirements, the court finds that a temporary restraining order is not appropriate.

Snap contends that it will suffer an irreparable injury absent an injunction, incurring [***] in lost revenue and a loss of long-term employees.  Snap's Mem. at 24.  Snap additionally alleges irreparable injury from "the loss of existing and new business opportunities" as well as "substantial reputational harm."  *Id.*  At oral argument, Snap acknowledged that its monetary loss should be narrowed to [***], the amount of loss anticipated during the litigation period.  Hr'g Tr. 55:6-8 (October 22, 2020).[4]  If Snap were to be successful in its protest, it would secure [***] in contract value and would still be eligible for future call orders issued pursuant to the blanket

---

[3] GSA must submit its next IT budget to the Office of Management and Budget by September 2021.  *See* Def.'s Opp'n Ex. 1 ¶ 18.  The government represents that allowing 25 percent of the work associated with call order 2 to move forward will allow it to meet this deadline.  *See id.*

[4] The date will be omitted from future citations to the transcript of this hearing.

purchase agreement. In the circumstances, a three-month delay until a final decision is rendered will not, therefore, result in irreparable injury required for a temporary restraining order.

Similarly, Snap has not met its burden of establishing that balancing the parties' interests weighs in its favor or that a temporary restraining order will not be adverse to the public interest. Snap claims that it was intimately involved in developing the work plan for the call order, and therefore should be able to continue to perform under the contract pending this litigation. Def.'s Opp'n Ex. 1 ¶ 16. The parties dispute whether Snap is akin to an incumbent, *see, e.g.*, Hr'g Tr. 50:13-22, but they agree that Snap's work pursuant to the prior contract ended on September 29, 2020. Hr'g Tr. 25:10-14, 65:22-25, 72:18-19. Karsun's employees are currently working under call order 2. *See* Hr'g Tr. 92:23 to 93:2. Despite Snap's contention that "there is no corresponding harm to the government or third parties," Snap's Mem. at 25, a grant of temporary relief would require Karsun's employees to stop working and the government would put its September 2021 congressionally mandated deadline for completion of the effort in jeopardy. Additionally, timely completion of this contract would better inform congressional decision-making. *See* Hr'g Tr. 83:21 to 84:9. The government further represents that any work completed under the partial stay can be transferred to a successful protester following completion of the litigation. Hr'g Tr. 73:12-18. In sum, Snap has not demonstrated that its stated harm outweighs the harm to the government or Karsun or that a temporary restraining order is required to serve the public interest.

Finally, Snap argues that it has a strong likelihood of success on the merits. Snap's Mem. at 11-22. Snap makes a showing concerning the likelihood of success on the merits, but that showing is not compelling and it cannot overcome Snap's lack of persuasive evidence on the other factors. *See Lockheed Martin,* 124 Fed. Cl. at 709 ("[N]o one factor is dispositive."). Snap will have an opportunity to fully brief and argue its contentions about likelihood of success based on access to the administrative record during the merits briefing and consequent hearing. At this stage, Snap has not met its burden to show that the "extraordinary and drastic remedy" of a temporary restraining order is appropriate. *Mazurek*, 520 U.S. at 972 (citation omitted).

### B. Snap's and Harmonia's Motions for Preliminary Injunction

Snap and Harmonia move for a preliminary injunction, barring the agency's and Karsun's ability to continue work pursuant to the contract. *See* Snap's Mem; Harmonia's Mot. A party seeking a preliminary injunction must demonstrate that it satisfies the requirements for preliminary relief identified earlier. See *supra*, at 3 (quoting *FMC Corp*., 3 F.3d at 427); see also *Lockheed Martin*, 124 Fed. Cl. at 721 (citing *Per Aarsleff A/S v. United States*, 123 Fed. Cl. 147, 156-57 (2015) (additional citation omitted)). RCFC 65 provides that the court may "consolidate . . . the [preliminary injunction] hearing" with "the trial on the merits." RCFC 65(a)(2). Pursuant to RCFC 65, the court will defer ruling on the motions for preliminary injunction to the hearing of the merits. Although the court will defer to the merits consideration of Snap's and Harmonia's motions for preliminary injunction, the partial temporary stay previously agreed to by Harmonia, Karsun, and the government will remain in effect. The government and Karsun shall ensure that any continued work complies with the partial stay.

## CONCLUSION

For the stated reasons, Snap's application for a temporary restraining order is DENIED, and Snap's and Harmonia's motions for preliminary injunction are DEFERRED to the merits. The voluntary partial stay, *see* ECF No. 17, shall remain in effect, and further proceedings shall progress pursuant to the court's scheduling order, ECF No. 21.

It is so **ORDERED**.


                                              s/ Charles F. Lettow
                                              Charles F. Lettow
                                              Senior Judge